**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: ALAN CHRISTOPHER REDMOND, Debtor | Case No. 24-13093-PMM |
| JASON SCOTT JORDAN, Plaintiff, | Chapter 7 |
| v. | |
| ALAN CHRISTOPHER REDMOND, Defendant. | Adv. Proc. No. _____ |

**COMPLAINT OBJECTING TO DISCHARGE**

NOW COMES, Jason Scott Jordan, Plaintiff herein and by undersigned counsel, who files this Complaint against the Defendant and alleges as follows:

1. This is a core proceeding over which this Court has jurisdiction under 28 U.S.C. § 157(b) and Plaintiff consents to the entry of final judgment in this proceeding by this Court.

2. Defendant is the Debtor in this Chapter 7 case. Plaintiff is a creditor of Defendant.

3. This is an adversary proceeding to object to discharge under 11 U.S.C. § 727.

**FACTS COMMON TO ALL COUNTS**

4. On September 18, 2024, in a hearing before the Bankruptcy Court, the Defendant suborned perjury from Tonya Hatmaker to the effect that creditor Ethan Shalter had signed a mutual release when, in fact, the documents presented contained forged signatures from Shalter.

5. Defendant conspired with Arthur W. Walsh, Jr., to hold out the latter publicly as an "Owner and CEO" of Seguro Medico, LLC, in order to help Defendant conceal his assets from creditors and from judicial process, when in fact Walsh was just an employee under the control and direction of Defendant.

6. Utilizing the services of Norman M. Valz, Esquire and other persons, Defendant created

1

business entities using personal-identifying information and the Social Security Number of his wife, Shannon Kroemmelbein, to conceal assets from his creditors, from the Bankruptcy Court, and from the Chapter 7 Trustee. These entities include ABN Network, LLC, Digital Principles Corporation and Digital Bridge Network Corporation.

7.      During his Rule 2004 Examination on April 17, 2025, his production in response to a Rule 2004 subpoena for documents, his Section 341 Examinations, and in repeated testimony before this Court including September 18, 2024 and October 1, 2024, Defendant has knowingly and falsely stated that he does not possess business records and does not own multiple business entities, including Seguro Medico, LLC, Benefits Now, LLC, Benefitz Plus, LLC, The Turning House of Reading 1, LLC, ABN Network, LLC, Red Horizon, LLC, Frontera LLC, Triquetra United, LP, Phase 1 Technology, LLC, Friends of Hurst, LLC, Digital Principles Corporation and Digital Bridge Network Corporation, and additional entities formed under Wyoming law.

8.      Defendant has also knowingly concealed his ownership and control over the aforementioned entities, and others, from his bankruptcy schedules, committing fraud against the Court and against the Chapter 7 Trustee.

9.      Defendant forged his wife's signature on Deposit Agreements and signature cards with Mid Penn Bank, and other banking and depository institutions, for business-related accounts while he solely controlled the same.

10.     In lieu of paying income to himself, Defendant regularly ran his personal expenses through business-related accounts, including those of Seguro Medico, LLC, while falsely claiming to be insolvent.

11.     ABN Network, LLC is the sole source of revenue for Seguro Medico, LLC, and collects receivables from the insurance industry that are due and owing from the work performed by Seguro

Medico, LLC.

12.     Defendant falsely claimed nonexistent business debts in Seguro Medico, LLC, ARC Realty, LLC, ARC 1 Realty, LLC, and other entities in order to create the faux appearance of insolvency in each of them and allowing Defendant to give false narratives to his creditors, the Bankruptcy Court, and the Chapter 7 Trustee on their value and income-producing potential.

13.     Through the aforementioned business entities, inclusive of ARC Realty, LLC, and Seguro Medico, LLC, Defendant falsely attributed income to Shannon Kroemmelbein in business ledgers and books of account and in State and federal income tax returns, when in fact Defendant paid all moneys to himself, directly or indirectly through entities he controlled.

14.     Defendant signed a Consultation Agreement with Seguro Medico, LLC, to falsely give the appearance that he was an independent contractor while reserving his managerial authority over Arthur W. Walsh, Jr.

15.     Based on the foregoing conduct, Defendant has concealed millions of dollars of assets from his creditors, the Bankruptcy Court, and the Chapter 7 Trustee, and discharge should be denied on multiple counts set forth below.

### COUNT I (11 U.S.C. § 727(A)(2))

16.     The foregoing allegations are repeated.

17.     Plaintiff objects to the discharge of debt under 11 U.S.C. § 727(a)(2) on the ground that within one year prior to the filing of the Involuntary Petition, or within one year after, the Defendant has transferred, removed, destroyed, mutilated, or concealed, or has permitted others to do the same, the property of the Defendant.

18.     The Defendant acted with intent to hinder, delay, or defraud a creditor or the Chapter 7 trustee.

19.     The discharge of Defendant should be denied under Section 727(a)(2) of the Bankruptcy Code.

**WHEREFORE**, based on the foregoing, Plaintiff requests that the Court render judgment, denying Defendant's discharge under 11 U.S.C. § 727(a)(2), and for such other relief as is necessary, just, or appropriate.

### COUNT II (11 U.S.C. § 727(A)(3))

20.     The foregoing allegations are repeated.

21.     Defendant has failed to keep or preserve books, records, documents, and papers form which his financial condition or business transactions might be ascertained.

22.     The discharge of Defendant should be denied under Section 727(a)(3) of the Bankruptcy Code.

**WHEREFORE**, based on the foregoing, Plaintiff requests that the Court render judgment, denying Defendant's discharge under 11 U.S.C. § 727(a)(3), and for such other relief as is necessary, just, or appropriate.

### COUNT III (11 U.S.C. § 727(A)(4))

23.     The foregoing allegations are repeated.

24.     Defendant has knowingly and fraudulently, in or in connection with the case, made a false oath or account, presented or used a false claim, gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property or advantage, for Acting or forbearing to act, or withheld from the Chapter 7 Trustee any recorded information, including books, documents, records, and papers, relating to the Defendant's property or financial affairs.

25.     The discharge of Defendant should be denied under Section 727(a)(4) of the Bankruptcy Code.

**WHEREFORE**, based on the foregoing, Plaintiff requests that the Court render judgment, denying Defendant's discharge under 11 U.S.C. § 727(a)(4), and for such other relief as is necessary, just, or appropriate.

### COUNT IV (11 U.S.C. § 727(A)(5))

26.     The foregoing allegations are repeated.

27.     The Defendant has failed or will fail to explain satisfactorily, before determination of denial of discharge of this paragraph, any loss of assets or deficiency of assets to meet his liabilities.

28.     The discharge of Defendant should be denied under Section 727(a)(5) of the Bankruptcy Code.

**WHEREFORE**, based on the foregoing, Plaintiff requests that the Court render judgment, denying Defendant's discharge under 11 U.S.C. § 727(a)(5), and for such other relief as is necessary, just, or appropriate.

### COUNT V (11 U.S.C. § 727(A)(6)

29.     The foregoing allegations are repeated.

30.     The Defendant has refused in the case to obey a lawful order of the Court and, other than the privilege against self-incrimination, to respond to a material question approved by the Court or to testify.

31.     The discharge of Defendant should be denied under Section 727(a)(6) of the Bankruptcy Code.

**WHEREFORE**, based on the foregoing, Plaintiff requests that the Court render judgment, denying Defendant's discharge under 11 U.S.C. § 727(a)(6), and for such other relief as is necessary, just, or appropriate.

## COUNT VI (11 U.S.C. 727(A)(7))

32.     The foregoing allegations are repeated.

33.     The Defendant has committed any of the acts in Counts I through V within one year pre-petition or during the case while an Involuntary Chapter 11 or as Chapter 7.

34.     The discharge of Defendant should be denied under Section 727(a)(7) of the Bankruptcy Code.

**WHEREFORE**, based on the foregoing, Plaintiff requests that the Court render judgment, denying Defendant's discharge under 11 U.S.C. § 727(a)(7), and for such other relief as is necessary, just, or appropriate.

## COUNT VII

35.     Plaintiff incorporates by reference Adversary Proceeding No. 24-00145-PMM, and all grounds raised therein, and renews the same for purposes of Chapter 7.

36.     The discharge of Defendant should be denied as applied to Plaintiff under 11 U.S.C. § 523.

**WHEREFORE**, based on the foregoing, Plaintiff requests that the Court render judgment, denying Defendant's discharge as applied to Plaintiff's debt under 11 U.S.C. § 523, and such other relief as is necessary, just, or appropriate.

Respectfully submitted,

**CORNERSTONE LAW FIRM, LLC**

Dated: December 29, 2025        By:     /s/ Joel A. Ready
                                        Joel A. Ready, Esquire
                                        PA Attorney I.D. # 321966
                                        Benjamin J. Lewis, Esquire
                                        PA Attorney I.D. # 313733
                                        8500 Allentown Pike, Suite 3
                                        Blandon, PA 19510
                                        (610) 926-7875