|  |  |
|---|---|
| Defendant. <br> **ALAN CHRISTOPHER REDMOND,** | Adversary Proceeding No. 25-00254 |
| v. | |
| Plaintiff, <br> **JASON SCOTT JORDAN,** | |
| Debtor. <br> **ALAN CHRISTOPHER REDMOND,** | Bankruptcy No. 24-13093-pmm |
| In re | Chapter 7 |

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES BANKRUPTCY COURT

**ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant Alan Christopher Redmond, pro se, hereby answers the Complaint filed by Plaintiff Jason Scott Jordan as follows:

**<u>NATURE OF THE ACTION</u>**

1. Defendant admits that Plaintiff filed an adversary complaint seeking denial of discharge and determination of nondischargeability. Defendant denies that Plaintiff is entitled to any relief requested.

2. Defendant admits that this Court has jurisdiction over the underlying bankruptcy case. Defendant denies that this adversary proceeding should proceed to the merits, as it is barred by res judicata and collateral estoppel arising from Adversary Proceeding No. 24-00145, in which Summary Judgment was entered in favor of Defendant on July 31, 2025.

1

3. Defendant admits that venue is proper in this district.

## PARTIES

4. Defendant admits that Plaintiff Jason Scott Jordan is a creditor who filed a proof of claim in the underlying bankruptcy case.

5. Defendant admits that he is the debtor in the underlying bankruptcy case.

## BACKGROUND AND PROCEDURAL HISTORY

6. Defendant admits that an involuntary Chapter 11 bankruptcy petition was filed against him and that the case was later converted to Chapter 7 on September 23, 2025.

7. Defendant admits that Lynn E. Feldman serves as Chapter 7 Trustee in the underlying case.

8. Defendant denies that he has engaged in any conduct warranting denial of discharge or determination of nondischargeability.

## FACTUAL ALLEGATIONS

9. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint and therefore denies same.

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

## COUNT I — DENIAL OF DISCHARGE UNDER 11 U.S.C. § 727(a)(2)

26. Defendant incorporates by reference his responses to Paragraphs 1 through 25 as if fully set forth herein.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. Defendant denies that he transferred, removed, destroyed, mutilated, or concealed any property with intent to hinder, delay, or defraud creditors.

31. Defendant denies that Plaintiff is entitled to relief under 11 U.S.C. § 727(a)(2).

## COUNT II — DENIAL OF DISCHARGE UNDER 11 U.S.C. § 727(a)(3)

32. Defendant incorporates by reference his responses to Paragraphs 1 through 31 as if fully set forth herein.

3

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35. Defendant denies that he failed to keep or preserve recorded information from which his financial condition or business transactions might be ascertained.

36. Defendant denies that any alleged failure to maintain records was unjustified under the circumstances.

37. Defendant denies that Plaintiff is entitled to relief under 11 U.S.C. § 727(a)(3).

## COUNT III — DENIAL OF DISCHARGE UNDER 11 U.S.C. § 727(a)(4)

38. Defendant incorporates by reference his responses to Paragraphs 1 through 37 as if fully set forth herein.

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42. Defendant denies that he knowingly and fraudulently made any false oath or account in connection with this bankruptcy case.

43. Defendant denies that Plaintiff is entitled to relief under 11 U.S.C. § 727(a)(4).

## COUNT IV — DENIAL OF DISCHARGE UNDER 11 U.S.C. § 727(a)(5)

44. Defendant incorporates by reference his responses to Paragraphs 1 through 43 as if fully set forth herein.

45. Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46. Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47. Defendant denies that he has failed to satisfactorily explain any loss of assets or deficiency of assets to meet his liabilities.

48. Defendant denies that Plaintiff is entitled to relief under 11 U.S.C. § 727(a)(5).

## COUNT V — DENIAL OF DISCHARGE UNDER 11 U.S.C. § 727(a)(6)

49. Defendant incorporates by reference his responses to Paragraphs 1 through 48 as if fully set forth herein.

50. Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51. Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52. Defendant denies that he refused to obey any lawful order of the Court or to answer any material question approved by the Court.

53. Defendant denies that Plaintiff is entitled to relief under 11 U.S.C. § 727(a)(6).

## COUNT VI — DENIAL OF DISCHARGE UNDER 11 U.S.C. § 727(a)(7)

54. Defendant incorporates by reference his responses to Paragraphs 1 through 53 as if fully set forth herein.

55. Defendant admits that bankruptcy proceedings involving entities in which Defendant held an ownership interest have been filed. Defendant denies that his conduct in connection with those cases warrants denial of discharge.

56. Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57. Defendant denies that he committed any act specified in subsections (a)(2), (a)(3), (a)(4), (a)(5), or (a)(6) of § 727 in connection with any insider bankruptcy case.

58. Defendant denies that Plaintiff is entitled to relief under 11 U.S.C. § 727(a)(7).

## COUNT VII — NONDISCHARGEABILITY UNDER 11 U.S.C. § 523

59. Defendant incorporates by reference his responses to Paragraphs 1 through 58 as if fully set forth herein.

60. Defendant admits that Plaintiff filed Adversary Proceeding No. 24-00145. Defendant specifically denies that the claims in that proceeding have merit or support nondischargeability, as Summary Judgment was entered in Defendant's favor on July 31, 2025, dismissing all claims brought by Plaintiff.

61. Defendant denies that any debt owed to Plaintiff is nondischargeable under 11 U.S.C. § 523.

62. Defendant denies that Plaintiff obtained any judgment against Defendant that would be entitled to preclusive effect.

63. Defendant affirmatively states that Count VII is barred by res judicata and collateral estoppel, as the claims incorporated by reference from Adversary Proceeding No. 24-00145 were fully litigated and resolved in Defendant's favor by Summary Judgment on July 31, 2025.

64. Defendant denies that Plaintiff is entitled to any relief under 11 U.S.C. § 523.

## GENERAL DENIAL

65. Defendant denies each and every allegation contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE — Res Judicata / Claim Preclusion

66. The Complaint is barred in its entirety by the doctrine of res judicata. On July 31, 2025, this Court entered Summary Judgment in favor of Defendant in Adversary Proceeding No. 24-00145, which involved the same parties, arose from the same transaction or occurrence, and presented claims that were or could have been raised in that proceeding. The Summary Judgment constitutes a final judgment on the merits that precludes relitigation of all claims asserted in this adversary proceeding.

### SECOND AFFIRMATIVE DEFENSE — Collateral Estoppel / Issue Preclusion

67. The Complaint is barred by the doctrine of collateral estoppel. Issues actually litigated and necessarily decided in Adversary Proceeding No. 24-00145 cannot be relitigated in this proceeding. The Summary Judgment entered on July 31, 2025, resolved factual and legal issues that are identical or substantially similar to those raised in this Complaint.

### THIRD AFFIRMATIVE DEFENSE — Failure to State a Claim

68. Each Count of the Complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to Federal Rule of Bankruptcy Procedure 7012(b)(6).

### FOURTH AFFIRMATIVE DEFENSE — Statute of Limitations

69. To the extent any claims in the Complaint are based on conduct that occurred outside the applicable limitations period, such claims are time-barred and should be dismissed.

**FIFTH AFFIRMATIVE DEFENSE — Judicial Estoppel**

70. Plaintiff is judicially estopped from asserting claims inconsistent with positions taken in prior proceedings, including Adversary Proceeding No. 24-00145.

**SIXTH AFFIRMATIVE DEFENSE — Unclean Hands**

71. Plaintiff comes to this Court with unclean hands and is not entitled to equitable relief. Plaintiff has engaged in vexatious and oppressive litigation tactics, including filing duplicative adversary proceedings while an appeal from an adverse judgment remains pending.

**SEVENTH AFFIRMATIVE DEFENSE — Abuse of Process**

72. The filing of this adversary proceeding constitutes an abuse of process. Plaintiff filed this action for an improper purpose, namely to harass Defendant and multiply proceedings in contravention of Federal Rule of Bankruptcy Procedure 9011. Plaintiff's proper remedy was to pursue his appeal from the Summary Judgment in Adversary Proceeding No. 24-00145, not to file a duplicative complaint.

**EIGHTH AFFIRMATIVE DEFENSE — Laches**

73. Plaintiff has unreasonably delayed in asserting his claims, and such delay prejudices Defendant. Plaintiff's claims are barred by the doctrine of laches.

**NINTH AFFIRMATIVE DEFENSE — Good Faith / Lack of Fraudulent Intent**

74. Defendant did not act with fraudulent intent or any intent to hinder, delay, or defraud creditors. Defendant has acted in good faith at all times relevant to this proceeding.

Plaintiff cannot meet the heightened burden of proof required under 11 U.S.C. §§ 523 and 727.

**TENTH AFFIRMATIVE DEFENSE — Reservation of Rights**

75. Defendant reserves the right to assert additional affirmative defenses as may become apparent through discovery or further proceedings in this matter.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Alan Christopher Redmond respectfully requests that this Court:

A. Dismiss the Complaint in its entirety with prejudice;

B. Enter judgment in favor of Defendant on all Counts;

C. Award Defendant his reasonable costs incurred in defending this action pursuant to 28 U.S.C. § 1927, Federal Rule of Bankruptcy Procedure 9011, and the Court's inherent authority;

D. Impose sanctions against Plaintiff and his counsel for filing a frivolous and vexatious complaint in violation of Federal Rule of Bankruptcy Procedure 9011;

E. Grant such other and further relief as the Court deems just and proper.

## VERIFICATION

I, Alan Christopher Redmond, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that I am the Defendant in the above-captioned adversary proceeding, that I have read the foregoing Answer and Affirmative Defenses, and that the statements made therein are true and correct to the best of my knowledge, information, and belief.

Executed on January 29, 2026.

Alan Christopher Redmond

Respectfully submitted,

Alan Christopher Redmond, Pro Se

2 High Road,

Wyomissing, PA 19610

Tel: (814)440-9068

Email: alanredmond23@gmail.com

Dated: January 29, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2026, a true and correct copy of the foregoing Answer to

Complaint and Affirmative Defenses was served Email and Mail to:

Joel A. Ready, Esquire (PA #321966)

Benjamin J. Lewis, Esquire (PA #313733)

Cornerstone Law Firm LLC

Attorneys for Plaintiff Jason Scott Jordan

Lynn E. Feldman, Esquire

Chapter 7 Trustee

United States Trustee

10

Alan Christopher Redmond, Pro Se