United States Bankruptcy Court

Eastern District of Pennsylvania

Jordan,

   Plaintiff

Redmond,

   Defendant

Adv. Proc. No. 25-00254-pmm

# CERTIFICATE OF NOTICE

| District/off: 0313-4 | User: admin | Page 1 of 2 |
|---|---|---|
| Date Rcvd: Mar 17, 2026 | Form ID: pdf900 | Total Noticed: 4 |

The following symbols are used throughout this certificate:

**Symbol**    **Definition**

+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 19, 2026:**

| Recip ID | Recipient Name and Address |
|---|---|
| dft | + Alan Christopher Redmond, 2 High Road, Wyomissing, PA 19610-2500 |
| pla | + Jason Scott Jordan, c/o Joel A. Ready, Esq., 8500 Allentown Pike, Suite 3, Blandon, PA 19510-9101 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**

Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| ust | + Email/Text: james.gannone@usdoj.gov | Mar 18 2026 01:52:00 | James Gannone, DOJ-Ust, Robert N.C. Nix Federal Courthouse, 900 Market Street, Suite 320, Philadelphia, PA 19107-4202 |
| ust | + Email/Text: ustpregion03.ph.ecf@usdoj.gov | Mar 18 2026 01:52:00 | United States Trustee, Office of United States Trustee, Robert N.C. Nix Federal Building, 900 Market Street, Suite 320, Philadelphia, PA 19107-4202 |

TOTAL: 2

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 19, 2026      Signature:      /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 17, 2026 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| JOEL A. READY | |

District/off: 0313-4                          User: admin                          Page 2 of 2

Date Rcvd: Mar 17, 2026                       Form ID: pdf900                      Total Noticed: 4

on behalf of Plaintiff Jason Scott Jordan joel@cornerstonelaw.us  valeria@cornerstonelaw.us

TOTAL: 1

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE:** | | |
| **Alan Christopher Redmond,** | | **Chapter 7** |
| | : | |
| **Debtor.** | : | **Bky. No. 24-13093 (PMM)** |
| _____ : | | |
| **Jason Scott Jordan,** | : | |
| | : | |
| **Plaintiff.** | : | **Adv. No. 25-0254 (PMM)** |
| | : | |
| **v.** | | |
| | | |
| **Alan Christopher Redmond,** | | |
| | : | |
| | : | |
| **Defendant.** | : | |
| | : | |
| _____ : | | |

## **PRETRIAL ORDER**

     **AND NOW**, the plaintiff having filed an adversary proceeding and the defendant having filed a responsive pleading, it is hereby **ORDERED** that:

1.    If not already filed, any party that is subject to Fed. R. Bankr. P. 7007.1 shall file the required disclosure on or before **March 24, 2026.**

2.    **On or before March 31, 2026**, the parties shall file a Joint Statement whether they consent to participate in the court-annexed mediation program.

        a.    If the parties consent to mediation, the Joint Statement shall either:

            i.    request that the court appoint a specific individual to serve as mediator;

            ii.    request that the court appoint a specific individual who has indicated a willingness and ability to serve as mediator, <u>see</u> ¶ 2.b. below, from a list of no more than three (3) names; or

            iii.    advise the court that the parties cannot locate or cannot agree upon an individual to serve as mediator

        b.    Prior to the submission of a Joint Statement that provides a list of one (1) or more mediators acceptable to the parties, the parties shall contact each

potential appointee to determine whether the person is willing to serve as mediator and whether that person has preliminarily determined that he or she is not disqualified under L.B.R. 9019-2(i).

3.      On or before **April 7, 2026**, counsel shall have held and concluded the mandatory discovery conference pursuant to Fed. R. Civ. P. 26(f), incorporated into these proceedings by Fed.R.Bankr.P. 7026.   During said conference, the parties shall discuss how to proceed with general discovery and electronic discovery and shall consider whether the discovery and pretrial schedule detailed below in this order is appropriate in this proceeding.

4.      On or before **April 14, 2026**, after the conclusion of the parties' discovery conference, **should the parties propose a discovery or pretrial schedule that differs from the one below**, they shall file with the bankruptcy court a report on discovery, as mandated by Fed. R. Civ. P. 26(f).   The parties shall detail those differences in their Rule 26(f) report, along with the reasons therefor.   The court may, when appropriate, order a hearing based on the information found in the Rule 26(f) report.   **If the parties are in agreement with the discovery schedule outlined herein, no report need be filed**.

5.      The requirements of Fed. R. Civ. P. 26(a)(1) shall not apply in this adversary proceeding.

6.      The following discovery and trial schedule shall be considered by the parties in their deliberations at their discovery conference:

   a.      All discovery shall be completed on or before **May 5, 2026.**

   b.      All expert witnesses shall be identified and a copy of each expert's report shall be provided to every other party, in accordance with Fed. R. Civ. P. 26(a)(2) on or before **May 19, 2026.**

   c.      All discovery disclosures pursuant to Fed. R. Civ. P. 26(a)(3) shall be served on opposing parties and filed with the bankruptcy court on or before **May 19, 2026.**

   d.      Any objections to Rule 26(a)(3) disclosures shall be served on opposing counsel and filed with the bankruptcy court on or before **May 26, 2026.**

   e.      All motions to amend the pleadings, or for summary judgment,[1] shall be filed **on or before May 26, 2026**.   If such a motion or motions is/are filed, the parties are **not relieved** of their obligation to comply with the terms of the balance of this Pretrial Order.

---

[1]      A motion for summary judgment shall include a separate statement of those material facts that the movant contends are not in dispute with supporting citations to the record.   Failure to comply with this requirement shall be grounds for summary denial of the motion.

      f.      A Joint Pretrial Statement shall be filed in accordance with Local Bankruptcy Rule 7016-1 on or before **June 15, 2026.**

7.      A mandatory final pretrial/settlement conference shall be held on **Tuesday, June 23, 2026 at 11:00 a.m. in the United States Bankruptcy Court, Gateway Building, Fourth Floor Courtroom, 201 Penn St., Reading, Pennsylvania, 19601**.

8.      If the adversary proceeding is not resolved prior to the conclusion of the final pretrial/settlement conference, the adversary proceeding shall be set down for trial at the Court's first available date.

9.      Each party may file, no later than five (5) days prior to the date of trial, a trial memorandum with service on the opposing part(y)(ies) and a courtesy copy delivered to Chambers.   **The trial may be continued only in exceptional circumstances on Motion and leave of Court.**

10.      All trial exhibits shall be pre-marked and exchanged at least three (3) business days prior to the date of trial.

**Date:**  <u>3/16/26</u>

_Patricia M. Mayer_

**PATRICIA M. MAYER**
**U.S. BANKRUPTCY JUDGE**