FILED

2026 JUN 15 PM 4: 23

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

U.S. BANKRUPTCY COURT

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| ALAN CHRISTOPHER REDMOND, | : | Bky. No. 24-13093-PMM |
| Debtor. | : | |
| | : | |
| | : | |
| JASON SCOTT JORDAN, | : | |
| Plaintiff, | : | Adv. Proc. No. 25-00254 (PMM) |
| v. | : | |
| ALAN CHRISTOPHER REDMOND, | : | |
| Defendant. | : | |

## DEFENDANT'S PRETRIAL STATEMENT

Defendant Alan Christopher Redmond, appearing pro se, submits this Pretrial Statement[1] pursuant to the Court's Pretrial Order (ECF No. 5) and Local Bankruptcy Rule 7016-1. The parties did not prepare or file a joint pretrial statement. Plaintiff filed unilateral pretrial disclosures on May 19, 2026 (ECF No. 12). Plaintiff has further represented that a request to stay discovery and pretrial deadlines is pending (ECF No. 12, at 1; see ECF No. 8). Defendant submits this statement to comply with the deadline set in the Pretrial Order and reserves the right to amend or supplement it following conferral with Plaintiff and upon the Court's disposition of any request to stay deadlines.

**1. Basis of jurisdiction.** This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334. This adversary proceeding arises under title 11 and is brought under Federal Rule of Bankruptcy Procedure 7001. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

**2. Core or non-core.** Plaintiff's objection to discharge under 11 U.S.C. § 727 and claims of nondischargeability under 11 U.S.C. § 523 are core proceedings under 28 U.S.C. § 157(b)(2)(I) and (J).

---

[1] Defendant reserves all rights, privileges, and defenses afforded under the United States Constitution, including those under the Fifth Amendment, in all proceedings. Nothing in this Pretrial Statement constitutes a waiver of any right or defense in any proceeding, including Case No. 24-376 (E.D. Pa.).

**3. Consent.** The claims are core. To the extent any matter is later determined to be non-core or otherwise outside the Court's authority to enter a final order, Defendant does not consent to the entry of a final order or judgment and reserves all rights, including under *Stern v. Marshall*, 564 U.S. 462 (2011).

**4. Statement of uncontested facts.** The parties have not conferred to identify stipulated facts. Defendant identifies no uncontested facts at this time and reserves the right to stipulate following conferral with Plaintiff.

**5. Statement of facts in dispute.** Defendant disputes that Plaintiff can establish any of the elements of the claims asserted. Without limitation, the following facts are in dispute: (a) whether Defendant concealed any property of the estate; (b) whether Defendant made any false oath or account; (c) whether Defendant withheld, destroyed, or failed to keep records; (d) whether any act of Defendant caused willful and malicious injury; (e) whether Shannon Kroemmelbein holds or controls property as a nominee for Defendant; and (f) whether any debt at issue was incurred through fraud or defalcation. Plaintiff bears the burden of proof on each. Defendant denies Plaintiff's allegations and expressly reserves all rights under the Fifth Amendment to the United States Constitution.

**6. Damages or other relief.** Defendant seeks no damages. Defendant seeks the denial of all relief requested by Plaintiff, the entry of judgment in Defendant's favor on all counts, and the entry of Defendant's discharge.

**7. Legal issues presented.**

(a) Whether Plaintiff can prove, by a preponderance of the evidence, the elements of an objection to or revocation of discharge under 11 U.S.C. § 727(c), (d), and (e). Plaintiff bears the burden of proof. Fed. R. Bankr. P. 4005. The grounds for denial of discharge are construed strictly against the objecting party and liberally in favor of the debtor. *Rosen v. Bezner*, 996

F.2d 1527, 1531 (3d Cir. 1993).

(b) Whether the claim under 11 U.S.C. § 523(a)(4) is barred by issue preclusion. On July 31, 2025, this Court entered summary judgment for Defendant on the § 523(a)(4) claim in Adversary No. 24-00145 (Doc. 42). On May 5, 2026, the United States District Court for the Eastern District of Pennsylvania affirmed that judgment as to § 523(a)(4) (No. 5:25-cv-04712). A final judgment retains preclusive effect pending appeal. *Bailey v. Ness*, 733 F.2d 279, 281 (3d Cir. 1984); see *Peloro v. United States*, 488 F.3d 163, 174-75 (3d Cir. 2007). Plaintiff bears the burden of establishing that the claim is not precluded.

(c) Whether the claim under 11 U.S.C. § 523(a)(6) is duplicative of the § 523(a)(6) claim that the District Court remanded for trial in Adversary No. 24-00145, such that it should be dismissed or consolidated. See *Walton v. Eaton Corp.*, 563 F.2d 66, 70-71 (3d Cir. 1977) (en banc).

(d) Whether the § 727 counts are pleaded with the factual particularity required by Federal Rule of Civil Procedure 9(b), incorporated by Federal Rule of Bankruptcy Procedure 7009, and the plausibility standard of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

(e) The admissibility of Plaintiff's designated exhibits and testimony under, among other authorities, Federal Rules of Evidence 402, 403, 702, and 802; the attorney-client privilege and work-product doctrine; and the limitations on the use of examination testimony taken under Federal Rule of Bankruptcy Procedure 2004.

**8. Witnesses.** All claims concern discharge and dischargeability; no party seeks damages, and all witnesses are identified as liability witnesses. Defendant may call the following witnesses, in approximately the following order, subject to amendment:

1. Jason Scott Jordan — c/o Joel A. Ready, Esq., Cornerstone Law Firm, LLC, 8500 Allentown Pike, Suite 3, Blandon, PA 19510. Expected to testify regarding the parties'

business relationship, the prior state court litigation, and the factual bases asserted for the claims in this proceeding.

2. Joel A. Ready, Esq. — Cornerstone Law Firm, LLC, 8500 Allentown Pike, Suite 3, Blandon, PA 19510. Mr. Ready is counsel for Plaintiff and, individually and through Cornerstone Law Firm, LLC, is also a creditor and claimant in the Main Case asserting an administrative-expense claim (see Main Case ECF No. 554). Expected to testify regarding the basis for the moving creditors' asserted claims and administrative-expense request; and regarding the issuance of the subpoena to former counsel William R. A. Rush and the receipt and handling of the documents produced in response (Bates Nos. 000001 to 000533), including materials as to which Defendant asserts attorney-client privilege and work-product protection.

3. Ethan Shalter — [address to be confirmed]. Expected to testify regarding the basis for the moving creditors' asserted claims and the involuntary petition.

4. William R. A. Rush, Esq. — 38 N. 6th St., Reading, PA 19606. Expected to testify regarding the scope of his former representation of Defendant, the documents produced in response to subpoena, and the privileged and work-product character of those materials.

5. Stephanie F. Miller — 485 Knorr Road, Gettysburg, PA 17325. Expected to testify regarding her knowledge of the matters identified in Plaintiff's disclosures. [Subject matter to be refined by Defendant.]

6. Shannon Kroemmelbein — 2 High Rd., Wyomissing, PA 19610. Expected to testify regarding the ownership of property titled in her name. This designation is subject to Ms. Kroemmelbein's own rights and any applicable privilege.

7. Walter Weir, Esq. — Weir LLP, The Widener Building, 5th Floor, 1339 Chestnut St., Philadelphia, PA 19107. Expected to testify regarding the scope and existence of any representation of Shannon Kroemmelbein in this matter.

8. A representative of Ciardi Ciardi & Astin (former bankruptcy counsel) — [firm address to be confirmed]. Expected to testify regarding the preparation and filing of Defendant's bankruptcy schedules and statements and the scope of the firm's representation.

9. David Heim, Esq. — Bochetto & Lentz, P.C., 1524 Locust St., Philadelphia, PA 19102. Expected to testify regarding his firm's representation and the basis for any related claim. [Subject matter to be refined by Defendant.]

Defendant reserves the right to call any witness identified in Plaintiff's pretrial disclosures (ECF No. 12), to call himself subject to his rights under the Fifth Amendment, and to supplement this list following conferral and the Court's disposition of any pending request to stay deadlines.

**9. Exhibits.** Defendant reserves the right to offer into evidence, serially numbered and marked before trial: (1) the Opinion and Order entered July 31, 2025 in Adversary No. 24-00145 (Doc. 42); (2) the Memorandum and Order of the United States District Court entered May 5, 2026 (No. 5:25-cv-04712); (3) the pleadings, orders, and record in this proceeding and in the Main Case; (4) documents produced in discovery in this proceeding and in the Main Case; and (5) such further exhibits as may be identified following conferral. [Defendant to add specific exhibits.] Defendant reserves the right to use any exhibit identified by Plaintiff and to supplement.

**10. Discovery items and trial depositions.** Defendant reserves the right to offer and to designate discovery materials and deposition or examination testimony, designating the relevant portions by page before trial. Defendant objects to Plaintiff's designation of examination testimony taken under Rule 2004 in the Main Case for use as substantive trial evidence in this proceeding, and reserves all rights, including under the Fifth Amendment.

**11. Motions in limine.** Defendant anticipates the following motions in limine to be resolved before trial:

(i) To exclude the documents produced by former counsel William R. A. Rush (Bates Nos. 000001 to 000533; ECF No. 12, ¶ 4(1)) on the grounds of attorney-client privilege and work-product protection, and to obtain protection of those materials under Federal Rule of Evidence 502.

(ii) To exclude or limit the use of examination testimony taken under Rule 2004 in the Main Case (ECF No. 12, ¶ 2), which is investigatory in nature and is not a substitute for trial testimony.

(iii) To preclude judicial notice of the proceedings in Berks County Court of Common Pleas No. 25-DR-00324 (ECF No. 12, ¶ 4(5)) under Federal Rules of Evidence 201, 401, 402, and

403.

(iv) To exclude exhibits that have not been produced, including any documents from the outstanding Rule 45 subpoenas served on M&T Bank and Wells Fargo Bank (ECF No. 12, ¶ 4(7)).

(v) To exclude or limit the opinion testimony of Khody R. Detwiler (ECF No. 12, ¶ 3) under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

**12. Estimated trial time.** Defendant estimates that the presentation of Defendant's case will require approximately one (1) day. The total length of trial will depend on Plaintiff's presentation. [Defendant to confirm estimate.]

**13. Settlement.** The parties have not conducted settlement discussions. Plaintiff declined to participate in the court-annexed mediation program (ECF No. 7, filed March 31, 2026). Defendant remains willing to confer regarding settlement.

Respectfully submitted,

/s/ Alan Christopher Redmond
Alan Christopher Redmond
Defendant, pro se
[mailing address] 2005 Regency Dr. Wyomissing, PA 19610
alanredmond23@gmail.com
Dated: June 15, 2026

### CERTIFICATE OF SERVICE

I, Alan Christopher Redmond, certify that on the date set forth below a true and correct copy of the foregoing Defendant's Pretrial Statement was served by first-class mail, postage prepaid,

upon the following:

Joel A. Ready, Esquire
Cornerstone Law Firm, LLC
8500 Allentown Pike, Suite 3
Blandon, PA 19510
(Counsel for Plaintiff Jason Scott Jordan)

/s/ Alan Christopher Redmond
Alan Christopher Redmond
Dated: June 15, 2026