**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| ALAN CHRISTOPHER REDMOND, | : | Bky. No. 24-13093-PMM |
| Debtor. | : | |
| | : | |
| | : | |
| JASON SCOTT JORDAN, | : | |
| Plaintiff, | : | Adv. Proc. No. 25-00254 (PMM) |
| v. | : | |
| ALAN CHRISTOPHER REDMOND, | : | |
| Defendant. | : | |

**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PRETRIAL DISCLOSURES AND MOTION TO STRIKE, OR IN THE ALTERNATIVE COMPEL AMENDED DISCLOSURES**

Defendant Alan Christopher Redmond, appearing pro se, objects to Plaintiff Jason Scott Jordan's Pretrial Disclosures (ECF No. 12)[1] and respectfully moves to strike the defective portions of those disclosures, or in the alternative to compel Plaintiff to file amended disclosures that comply with Federal Rule of Civil Procedure 26(a)(3), made applicable by Federal Rule of Bankruptcy Procedure 7026.

Plaintiff's filing is not a proper pretrial disclosure. It is an overbroad reservation of rights that attempts to preserve nearly every witness, document, transcript, subpoena return, public record, pleading, and future-produced document without providing the specificity required for trial preparation or evidentiary objection.

Rule 26(a)(3) requires a party to identify trial evidence with enough clarity for the opposing party to object and prepare. A party must separately identify witnesses it expects to present and those it may call if needed; designate deposition testimony it expects to present; and identify each document or exhibit, separately identifying items it expects to offer and those it may offer if needed. Fed. R. Civ. P. 26(a)(3)(A).

---

[1] Defendant reserves all rights, privileges, and defenses afforded under the United States Constitution, including those under the Fifth Amendment, in all proceedings. Nothing in this filing constitutes a waiver of any right or defense in any proceeding, including Case No. 24-376 (E.D. Pa.).

**Timeliness.** To the extent any deadline to object to Plaintiff's Rule 26(a)(3) disclosures has run, good cause exists for the Court to consider these objections. Defendant is self-represented; Plaintiff has represented that a request to stay discovery and pretrial deadlines is pending (ECF No. 8; see ECF No. 12, at 1), creating uncertainty as to the operative deadlines; the parties did not confer; and objections under Federal Rules of Evidence 402 and 403 are preserved regardless of timing. Fed. R. Civ. P. 26(a)(3)(B). The relief sought is properly addressed at the pretrial conference set for June 23, 2026.

## I. Plaintiff fails to separate witnesses expected to be called from witnesses that may be called only if needed.

Plaintiff lists numerous individuals, registered agents, legal entities, banks, lenders, and "additional witnesses," but does not separate witnesses Plaintiff expects to present from witnesses Plaintiff may call only if the need arises. That distinction is mandatory under Rule 26(a)(3)(A)(i). Plaintiff's witness list therefore fails to give Defendant meaningful notice of Plaintiff's actual trial presentation.

Defendant objects to the witness list and requests that the Court strike the list or require Plaintiff to file an amended witness disclosure separating:

1. witnesses Plaintiff expects to present at trial;
2. witnesses Plaintiff may call only if needed;
3. the subject matter of each witness's expected testimony; and
4. whether the witness will appear live, by deposition, by Rule 2004 transcript, or through another method.

## II. Plaintiff's exhibit disclosure is a blanket document dump, not an exhibit list.

Plaintiff does not identify trial exhibits with specificity. Instead, Plaintiff reserves sweeping categories, including:

1. "All documents" produced by William R. A. Rush, Bates Nos. 000001 to 000533;
2. "All transcripts from the Main Case";

3. "All documents obtained by subpoena in the Main Case";

4. Debtor's schedules, monthly operating reports, motions, exhibits, and "any pleading or paper filed in the Main Case";

5. public records from other proceedings and governmental agencies;

6. documents identified in any other party's Rule 26 disclosure; and

7. future documents from outstanding subpoenas to M&T Bank and Wells Fargo Bank.

That is not an identification of "each document or other exhibit" as Rule 26(a)(3)(A)(iii) requires. It is a reservation to use entire universes of material. The disclosure deprives Defendant of the ability to make meaningful objections to relevance, hearsay, foundation, authentication, prejudice, cumulative evidence, or improper judicial notice. Defendant requests that the Court strike Plaintiff's blanket exhibit categories and order Plaintiff to file a specific exhibit list identifying each exhibit by exhibit number, date, title or description, Bates range, sponsoring witness, purpose, and whether Plaintiff expects to offer the exhibit or may offer it only if needed.

## III. Plaintiff's designation of testimony is defective because it provides no page-line designations.

Plaintiff identifies testimony from several persons, including Rule 2004 examinations, deposition testimony, and hearing testimony, but provides no page-line designations. A mere list of names is not a usable trial testimony designation. Defendant cannot object to unspecified testimony, and cannot identify hearsay, relevance, foundation, privilege, completeness, Rule 403 problems, or improper use of prior testimony without knowing the exact testimony Plaintiff intends to use. Defendant requests that Plaintiff be barred from using deposition, Rule 2004, or prior hearing testimony unless Plaintiff provides page-line designations and Defendant is given a fair opportunity to object and counter-designate.

## IV. Plaintiff improperly attempts to reserve future bank subpoena documents.

Plaintiff's disclosure includes "any documents that may be produced" from outstanding subpoenas served on M&T Bank and Wells Fargo Bank. That is not a pretrial disclosure; it is an attempted ambush reservation. Plaintiff cannot disclose unknown future documents by saying they may exist later. Defendant requests that the Court strike this category and preclude Plaintiff from using any later-produced bank records unless Plaintiff timely supplements with specific exhibit identifications and the Court permits their use after Defendant has had a fair opportunity to object.

**V. Plaintiff's request for judicial notice is overbroad and improper.**

Plaintiff states that he intends to request judicial notice of public records under Federal Rule of Evidence 201, including other court proceedings and corporate filings. Rule 201 permits judicial notice only of adjudicative facts not subject to reasonable dispute because they are generally known or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. It does not allow Plaintiff to place entire court dockets, corporate records, or unrelated filings into evidence as proof of disputed facts. Defendant objects to any broad judicial notice request and requests that Plaintiff be required to identify each precise fact for which judicial notice is sought, the source of that fact, and the reason the fact is not subject to reasonable dispute. Defendant further reserves the right to be heard under Rule 201(e).

**VI. Plaintiff's expert disclosure should be limited or precluded unless properly completed in this adversary proceeding.**

Plaintiff identifies Khody R. Detwiler as a forensic document examiner and references a September 29, 2024 report, comparison chart illustrations, a curriculum vitae, prior testimony, hearing exhibits, and a thumb drive. Defendant objects to any expert testimony to the extent Plaintiff has not made a complete expert disclosure in this adversary proceeding, including all opinions to be offered, the bases and reasons for them, the facts or data considered, the exhibits

supporting the opinions, the witness's qualifications and publications, prior testimony, and compensation, as required by Rule 26(a)(2)(B). Defendant requests that the Court require Plaintiff to serve a complete expert disclosure specific to this adversary proceeding or preclude any expert opinions not properly disclosed.

**VII. Plaintiff's "any documents identified by any other party" reservation is improper.**

Plaintiff states that he may rely on any documents identified in any other party's Rule 26 disclosure. That is not a disclosure; it is a placeholder. Rule 26(a)(3) requires the party to identify the evidence the party may present at trial. Plaintiff cannot satisfy that obligation by incorporating unknown or unspecified materials from others. Defendant requests that this category be stricken.

**VIII. Plaintiff's blanket categories create authentication, foundation, hearsay, relevance, and Rule 403 problems.**

Plaintiff's broad categories do not establish admissibility. Documents still require authentication; Rule 901 requires the proponent to produce evidence sufficient to support a finding that the item is what the proponent claims it is. Even relevant evidence may be excluded when its probative value is substantially outweighed by unfair prejudice, confusion, delay, wasting time, or needless presentation of cumulative evidence. Defendant reserves all objections under the Federal Rules of Evidence, including Rules 401, 402, 403, 602, 701, 702, 703, 705, 801, 802, 803, 804, 807, 901, 902, 1002, and 1006, and all applicable privileges.

**Requested Relief**

Defendant respectfully requests that the Court enter an order:

1. sustaining Defendant's objections to Plaintiff's Pretrial Disclosures;
2. striking Plaintiff's blanket exhibit categories;
3. striking Plaintiff's reservation of future subpoena documents;
4. striking Plaintiff's "any pleading or paper filed in the Main Case" category;
5. striking Plaintiff's "any documents identified by any other party" category;

6. requiring Plaintiff to file amended Rule 26(a)(3) disclosures identifying specific witnesses, exhibits, testimony designations, and expected or may-use categories;

7. requiring page-line designations for any deposition, Rule 2004, or prior hearing testimony Plaintiff intends to use;

8. requiring any judicial notice request to identify each precise adjudicative fact and source;

9. precluding Plaintiff from using any witness, exhibit, testimony, expert opinion, or document not properly disclosed; and

10. granting such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Alan Christopher Redmond
Alan Christopher Redmond
Defendant, pro se
[mailing address] 2005 Regency Dr. Wyomissing, PA 19610
alanredmond23@gmail.com
Dated: June 15, 2026

## CERTIFICATE OF SERVICE

I, Alan Christopher Redmond, certify that on the date set forth below a true and correct copy of the foregoing was served by first-class mail, postage prepaid, upon: Joel A. Ready, Esquire, Cornerstone Law Firm, LLC, 8500 Allentown Pike, Suite 3, Blandon, PA 19510, counsel for Plaintiff.

/s/ Alan Christopher Redmond
Alan Christopher Redmond
Dated: June 15, 2026

U.S. BANKRUPTCY COURT
2026 JUN 16 PM 12: 45
FILED

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| ALAN CHRISTOPHER REDMOND, | : | Bky. No. 24-13093-PMM |
| Debtor. | : | |
| | : | |
| | : | |
| JASON SCOTT JORDAN, | : | |
| Plaintiff, | : | Adv. Proc. No. 25-00254 (PMM) |
| v. | : | |
| ALAN CHRISTOPHER REDMOND, | : | |
| Defendant. | : | |

## ORDER

AND NOW, this _____ day of _____, 2026, upon consideration of Defendant's Objections to Plaintiff's Pretrial Disclosures and Motion to Strike, or in the Alternative Compel Amended Disclosures, and any response thereto, it is hereby ORDERED that the Motion is GRANTED as follows:

1. Plaintiff shall file amended pretrial disclosures that comply with Federal Rule of Civil Procedure 26(a)(3), made applicable by Federal Rule of Bankruptcy Procedure 7026.

2. Plaintiff shall separately identify witnesses Plaintiff expects to present and witnesses Plaintiff may call only if the need arises.

3. Plaintiff shall identify each exhibit separately, including exhibit number, date, description, Bates range if applicable, sponsoring witness, and whether Plaintiff expects to offer the exhibit or may offer it only if needed.

4. Plaintiff shall provide page-line designations for any deposition, Rule 2004 examination, or prior hearing testimony Plaintiff seeks to use.

5. Plaintiff's blanket categories referring to "all documents," "all transcripts," "any pleading or paper filed in the Main Case," "any documents identified by any other party," and future subpoena returns are STRICKEN unless specifically identified in amended disclosures.

6. Any request for judicial notice shall identify the precise adjudicative fact to be noticed, the source supporting that fact, and the basis for judicial notice under Federal Rule of Evidence 201.

7. Plaintiff is precluded from using any witness, exhibit, testimony designation, expert opinion, or document not properly disclosed, except upon further order of the Court.


BY THE COURT:


_____

Hon. Patricia M. Mayer
United States Bankruptcy Judge