**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: | Case No. 24-13093-PMM |
| ALAN CHRISTOPHER REDMOND, | Chapter 7 |
| Debtor. | |
| JASON SCOTT JORDAN, | Adv. Proc. No. 25-00254-PMM |
| Plaintiff, | |
| v. | |
| ALAN CHRISTOPHER REDMOND, | |
| Defendant. | |

## RESPONSE OF SHANNON KROEMMELBEIN IN OPPOSITION TO JASON SCOTT JORDAN'S MOTION TO HOLD SHANNON KROEMMELBEIN IN CONTEMPT AND FOR OTHER RELIEF

Shannon Kroemmelbein ("Ms. Kroemmelbein"), a non-party respondent, by and through her undersigned counsel, hereby responds in opposition to the Motion to Hold Shannon Kroemmelbein in Contempt and for Other Relief filed by Jason Scott Jordan and Cornerstone Law Firm, LLC (collectively, "Movant") [Main Case ECF No. 561; Adv. Proc. No. 25-00254, Doc. 8] (the "Motion"), and respectfully states as follows:

### I.   PRELIMINARY STATEMENT

1. Undersigned counsel was retained by Ms. Kroemmelbein, and submits this Response thereafter, in advance of the hearing scheduled for August 4, 2026 at 11:00 a.m. [Adv. Doc. 24].

2. The Motion fails on its face. Civil contempt requires, as its first and indispensable element, "that a valid order of the court existed." *Berne Corp. v. Gov't of the Virgin Islands*, 570 F.3d 130, 139 (3d Cir. 2009) (cited by Movant at p. 8). There is no such order. The only orders

1

Movant identifies,the discovery Order of February 24, 2025 [ECF No. 289] and the sanctions Order of April 22, 2025 [ECF No. 352], were **vacated by this Court as to Ms. Kroemmelbein on October 21, 2025** [ECF No. 480]. Movant concedes as much in his own timeline and, indeed, is forced to ask this Court to "[v]acate the Order at ECF No. 480, thereby reinstating the Court's Orders at ECF Nos. 289 and 352 retroactively", an extraordinary request that is itself an untimely, procedurally improper collateral attack on a final order of this Court entered more than six months before the Motion was filed.

3.     The Motion is, in substance, an attempt by a single judgment creditor (not the Chapter 7 Trustee) to resurrect vacated orders, to punish a non-party retroactively at $500.00 per day for a period exceeding one year, and to compel sweeping document production and examination of a non-party while she is an owner of entities named in an active federal criminal prosecution of her husband and others, United States v. Redmond, et al., Crim. A. No. 5:24-CR-00376 (E.D. Pa.). The Chapter 7 Trustee, after her own diligent inquiry, has certified that this estate is fully administered and that there is no property available for distribution [ECF No. 534]. The Motion should be denied.

## II.   RESPONSE TO THE MOTION'S ASSERTIONS

4.     The Motion is presented in narrative form without numbered averments. Ms. Kroemmelbein therefore responds by section. Any factual assertion, characterization, inference, or argument in the Motion not expressly admitted herein is denied, with strict proof demanded at any hearing thereon.

**A.   Motion Section I (alleged transfers and accounts).**

5.     Section I of the Motion consists of Movant's characterizations of testimony given by the Debtor, filings made by the Debtor and third parties, and public records. Those transcripts,

filings, and records are writings that speak for themselves, and Movant's characterizations of and inferences from them are denied. No responsive pleading from a non-party is required as to allegations concerning the Debtor's own testimony, income, or finances; to the extent a response is deemed required, the allegations are denied. It is specifically denied that any transfer, account, or asset referenced in Section I establishes, or is relevant to, any element of civil contempt by Ms. Kroemmelbein.

6. Ms. Kroemmelbein admits the procedural timeline set forth at pages 3 and 4 of the Motion only insofar as it accurately recites entries on this Court's docket, including that on October 21, 2025, this Court entered its Order at ECF No. 480 granting Ms. Kroemmelbein's Motion to Vacate and vacating the Orders at ECF Nos. 289 and 352 as to Ms. Kroemmelbein. All remaining characterizations are denied.

**B. Motion Section II (alleged false responses and concealment).**

7. Denied. It is specifically denied that Ms. Kroemmelbein "lie[d]" or "conceal[ed] documents." The October 3, 2025 correspondence of Walter Weir, Jr., Esquire, quoted selectively in the Motion, speaks for itself: it responded, request by request, to a forty-seven item subpoena duces tecum and stated, where applicable, that "[a]fter a reasonable inquiry, Ms. Kroemmelbein does not have documents responsive to this request within her possession, custody, or control." A statement that documents are not within a person's possession, custody, or control is not a representation that documents do not exist, that entities do not exist, or that the respondent has no relationship to any entity. Movant's contrary reading is denied.

8. The deposition testimony of William R.A. Rush, Esquire, and the e-mail excerpts attached to the Motion are writings that speak for themselves; Movant's characterizations of them are denied. It is specifically denied that Mr. Rush's testimony, which is expressly framed in the

language of assumption and speculation (e.g., "I would have to assume," "I can't fathom why," "unless they were destroyed"), establishes the falsity of any certified discovery response, much less by clear and convincing evidence. It is further noted that Mr. Rush is Ms. Kroemmelbein's former counsel, that this Court's Order at ECF No. 480 directed that a separate Order to Show Cause be entered to consider the imposition of sanctions upon Mr. Rush for contempt of the very Orders at issue, and that Ms. Kroemmelbein averred to this Court [ECF No. 419] that Mr. Rush misadvised her, labored under conflicts of interest, and failed to protect her rights, including her rights under the Fifth Amendment. His testimony is that of a witness with a substantial adverse interest, and any weight to be afforded it is a matter for the Court upon a full record, including cross-examination.

9.     To the extent Section II calls upon Ms. Kroemmelbein to admit, deny, explain, or testify concerning the authorship, transmission, or content of e-mail communications, the location or existence of business records, tax filings or non-filings, or her relationship to or role in any business entity, Ms. Kroemmelbein respectfully asserts her privilege against self-incrimination under the Fifth Amendment to the United States Constitution, in light of the active federal criminal prosecution at Crim. A. No. 5:24-CR-00376 and the related investigation, and her assertion of that privilege shall not be construed as an admission of any fact.

**C.   Motion Section III (alleged "use" of her name).**

10.    Denied. Section III consists entirely of Movant's argumentative gloss on two e-mail excerpts. The documents speak for themselves; the characterizations, including Movant's conclusion that "it's really Redmond's companies", are denied. Movant's theory in Section III is, notably, an assertion about ownership and control of property, i.e., a fraudulent-transfer and asset-recovery theory. Such claims belong to the Chapter 7 Trustee, who has investigated this estate and

4

certified that it is fully administered with no property available for distribution [ECF No. 534]. Section III states no element of contempt.

### D. Motion Section IV (alleged Fifth Amendment advice and waiver).

11. Denied as stated. Whatever advice Mr. Rush now claims he intended to give is irrelevant to whether a valid order existed, whether Ms. Kroemmelbein knowingly disobeyed one, or whether any response was false. It is specifically denied that Ms. Kroemmelbein has waived, in whole or in part, her privilege against self-incrimination, as set forth more fully below.

### III.   ARGUMENT

### A.   There is no valid order, and therefore there can be no contempt.

12. "To establish that a party is liable for civil contempt, three elements must be proven: (1) that a valid order of the court existed; (2) that the defendant had knowledge of the order; and (3) that the defendant disobeyed the order." *Berne Corp.*, 570 F.3d at 139. Each element must be proven by clear and convincing evidence, and ambiguities must be resolved in favor of the party charged with contempt. *See, e.g., John T. ex rel. Paul T. v. Del. Cnty. Intermediate Unit*, 318 F.3d 545, 552 (3d Cir. 2003); *Robin Woods Inc. v. Woods*, 28 F.3d 396, 399 (3d Cir. 1994).

13. The Orders upon which the Motion rests, ECF Nos. 289 and 352, were vacated as to Ms. Kroemmelbein by this Court's final Order of October 21, 2025 [ECF No. 480]. A vacated order is a nullity; it cannot supply the "valid order" element of contempt, and it certainly cannot support the accrual or imposition of coercive daily sanctions. Movant's own prayer for relief — asking this Court first to vacate ECF No. 480 and only "thereby" to reinstate ECF Nos. 289 and 352 "retroactively", is a concession that, as the record stands today, no operative order exists.

14. Moreover, the Supreme Court has instructed that civil contempt in the bankruptcy context is appropriate only where there is "no fair ground of doubt" that the order barred the

conduct at issue. *Taggart v. Lorenzen*, 587 U.S. 554, 557 (2019). Here the doubt is not merely "fair", it is conclusive: this Court itself vacated the predicate orders, upon Ms. Kroemmelbein's showing that her prior counsel had misadvised her and failed to protect her rights. Conduct cannot be contumacious where the Court has already determined that the orders should not stand as to the respondent.

**B.   The request to "vacate" ECF No. 480 is an untimely and improper collateral attack on a final order.**

15.   The Order at ECF No. 480 was entered October 21, 2025, after a contested hearing at which Movant appeared and opposed the relief, including by cross-motion [ECF No. 437]. Movant did not seek reconsideration within fourteen days, see Fed. R. Bankr. P. 9023, and did not appeal within fourteen days, see Fed. R. Bankr. P. 8002(a). The Motion, filed May 5, 2026, more than six months later, identifies no cognizable ground under Fed. R. Bankr. P. 9024 and Fed. R. Civ. P. 60(b), and no showing that any ground is asserted "within a reasonable time," Fed. R. Civ. P. 60(c)(1). To the extent Movant relies on materials produced by Mr. Rush in March 2026 as purportedly "new" evidence, those materials were at all times obtainable through reasonable diligence by subpoena, as Movant's own eventual Rule 45 subpoena to Mr. Rush demonstrates, and newly discovered evidence that could have been discovered with reasonable diligence cannot support relief from a final order. Finality matters, and Movant's disagreement with ECF No. 480 is not a basis to relitigate it by way of a contempt motion against a non-party.

**C.   The sanctions sought are punitive, not civil, and are unavailable in this proceeding.**

16.   Civil contempt sanctions exist "to coerce or to compensate," not "to punish." *Berne Corp.*, 570 F.3d at 139. Punitive, backward-looking fines for completed conduct are criminal contempt sanctions and may not be imposed without the constitutional protections attendant to criminal proceedings. *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 826–30

(1994). Movant asks this Court to impose $500.00 per day "from May 1, 2025 through the date that Kroemmelbein provides full and complete answers", a sum already exceeding $200,000.00, pursuant to an Order [ECF No. 352] that this Court vacated. A retroactive fine keyed to a vacated order coerces nothing: no person can be coerced today into complying, in the past, with an order that no longer exists. Nor is the request compensatory: Movant identifies no actual loss proximately caused by the alleged conduct, and attorney's fees incurred in voluntarily prosecuting serial discovery motions against a non-party of a fully administered, no-asset estate are not compensable contempt damages. The relief sought is punishment, plain and simple, and it is unavailable here.

**D. Ms. Kroemmelbein has not waived her Fifth Amendment privilege.**

17.    Movant asks this Court to hold that Ms. Kroemmelbein "waived all Fifth Amendment objections" based upon statements in motion papers filed by her former counsel [ECF Nos. 241, 321] to the effect that she "has interests" in, "is the passive owner" of, or "is affiliated with" certain companies. That argument fails at every step. First, statements of counsel in unsworn motion papers are not testimony of the witness and cannot effect a testimonial waiver. Second, the doctrine of *Rogers v. United States*, 340 U.S. 367 (1951), upon which Movant relies, applies where a witness has herself voluntarily testified to an incriminating fact and then seeks to withhold details; an acknowledgment of ownership of, or affiliation with, a lawful business entity is not an incriminating disclosure and works no waiver. Third, any waiver is limited to the proceeding in which it occurs and does not extend to subsequent or collateral proceedings. *See, e.g., United States v. Yurasovich*, 580 F.2d 1212, 1219–20 (3d Cir. 1978).

18.    Further, the compelled production of documents itself carries testimonial dimensions, the existence, possession, control, and authenticity of the documents produced, protected by the

act-of-production doctrine. *Fisher v. United States*, 425 U.S. 391, 410 (1976); *United States v. Hubbell*, 530 U.S. 27, 36–38, 43 (2000). Ms. Kroemmelbein is the record owner of entities that are central to an active federal criminal prosecution arising from the same business operations, in which a superseding indictment has issued. In that posture, an order compelling her to "correct" prior responses, produce categories of business records, and "appear for a Rule 2004 examination" with her privilege adjudicated away in advance would place her constitutional rights in direct jeopardy. The Court should decline said invitation.

**E.   The Motion serves no legitimate bankruptcy purpose.**

19.    Rule 2004 examinations exist to aid the administration of the estate. On March 16, 2026, the Chapter 7 Trustee, after conducting the meeting of creditors and making "a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate", filed her Report of No Distribution, certifying that the estate has been fully administered and that "there is no property available for distribution from the estate over and above that exempted by law" [ECF No. 534]. Claims to avoid and recover allegedly fraudulent transfers are property of the estate and are vested in the Trustee, not in individual creditors. The Trustee has not sought any relief against Ms. Kroemmelbein, has not sought her examination, and has not joined the Motion.

20.    The Motion's procedural posture confirms its true purpose. Discovery in Adversary Proceeding No. 25-00254, to which Ms. Kroemmelbein is not a party, and Movant simultaneously asks the Court to stay the pretrial deadlines "pending resolution of the contempt proceedings and additional discovery and subpoenas being propounded". Rule 2004 may not be deployed as a substitute for, or an end-run around, the discovery rules governing a pending adversary proceeding, *see, e.g., In re Wash. Mut., Inc.*, 408 B.R. 45, 50 (Bankr. D. Del. 2009); *In re Enron Corp.*, 281

B.R. 836, 840–42 (Bankr. S.D.N.Y. 2002), still less as a means of developing a record adjacent to a pending federal criminal prosecution. What remains is the use of contempt process by a judgment creditor to pressure a non-party spouse in aid of collection theories the Trustee has declined to pursue. That is not a proper office of civil contempt.

**F.   The "other relief" requested (stay of adversary deadlines).**

21.   The request to stay the pretrial deadlines in Adversary Proceeding No. 25-00254 concerns the parties to that proceeding, and Ms. Kroemmelbein takes no position as between them; provided, however, that Ms. Kroemmelbein objects to any stay or scheduling relief to the extent it is predicated upon, or would authorize, further discovery, subpoenas, or examinations directed to her or to her records, for all of the reasons set forth above.

## IV.   RESERVATION OF RIGHTS

22.   Ms. Kroemmelbein expressly reserves all rights, privileges, and defenses, including without limitation her privilege against self-incrimination under the Fifth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution; all attorney-client privilege and work-product protections, including the right to seek relief with respect to any privileged communications disclosed by former counsel without her consent; the right to move to quash or modify any subpoena and to seek a protective order; and the right to supplement this Response. Nothing herein shall be construed as an admission of any fact or as a waiver of any privilege, and Ms. Kroemmelbein's appearance through counsel to oppose the Motion is not a consent to any examination or production.

**WHEREFORE**, Shannon Kroemmelbein respectfully requests that this Court enter an Order (i) denying the Motion in its entirety; (ii) declining to vacate the Order at ECF No. 480 or to reinstate the Orders at ECF Nos. 289 and 352; (iii) denying the imposition of any sanction

against Ms. Kroemmelbein; and (iv) granting such other and further relief as is just and appropriate. In the alternative, should the Court entertain any aspect of the Motion, Ms. Kroemmelbein respectfully requests that the Court establish a briefing and evidentiary schedule that protects her constitutional privileges.

Respectfully submitted,

Dated: July 27, 2026

LAPUTKA LAW OFFICE, LLC

/s/ Charles Laputka
Charles Laputka, Esquire
PA Attorney I.D. No. 91984
1344 Hamilton St.
Allentown, PA 18102
610-477-0155
claputka@laputkalaw.com
Counsel to Shannon Kroemmelbein