UNITED STATES BANKRUPTCY COURT 25 AM 10:55

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>ALAN CHRISTOPHER REDMOND,<br><br>Debtor.<br><br>JASON SCOTT JORDAN,<br><br>Plaintiff,<br><br>v.<br><br>ALAN CHRISTOPHER REDMOND,<br><br>Defendant. | Chapter 7<br><br>Bky. No. 24-13093-PMM<br><br>Adv. Proc. No. 25-00254-PMM<br><br>Hearing: August 25, 2026, 11:00 a.m.<br><br>Courtroom: PENN4, Reading |

**ASSERTION OF ATTORNEY-CLIENT PRIVILEGE AND WORK PRODUCT BY DEFENDANT, OBJECTION TO CONSIDERATION OF THE DEPOSITION TESTIMONY AND DOCUMENT PRODUCTION OF WILLIAM R.A. RUSH, ESQUIRE, AND REQUEST FOR PRODUCTION OF EXHIBITS TO ECF NO. 8**

Alan Christopher Redmond, Defendant, appearing pro se, asserts the attorney-client privilege and the work product protection as to the materials described below, objects to their consideration in connection with the Motion at ECF No. 8, and requests that those materials be produced to him.[1] In support, Defendant states as follows.

**I. SCOPE OF THIS FILING**

1. Defendant asserts the attorney-client privilege in his own right, as a client of William R.A. Rush, Esquire. Defendant does not assert, and does not purport to assert, any privilege belonging to Shannon Kroemmelbein, who is separately represented by counsel of record.

Defendant takes no position on the contempt relief sought against Ms. Kroemmelbein.

2. Defendant asserts the privilege now, in advance of the hearing scheduled for August 25, 2026, so that no contention arises that the privilege was waived by silence.

## II. MR. RUSH SERVED AS COUNSEL TO DEFENDANT

3. William R.A. Rush, Esquire is admitted in the Commonwealth of Pennsylvania, Attorney I.D. No. 209596.

4. On March 23, 2026, Mr. Rush filed in United States v. Redmond, No. 5:24-cr-00376 (E.D. Pa.), a petition captioned "PETITION OF WILLIAM R.A. RUSH, ESQ. TO WITHDAW [sic] AS COUNSEL FOR DEFENDANT, ALAN REDMOND." In that petition Mr. Rush states that "[o]n October 29, 2024, Petitioner entered his first appearance in this action following the unsealing of the indictment," and that "[t]he undersigned has handled this matter as attorney for Defendant Redmond since its inception and has been the attorney for Seguro Medico, LLC and Bene Market, LLC since their first appearance following the superseding indictment handed down in May of 2025." A true and correct copy is attached as Exhibit G.

5. On April 16, 2026, the Honorable Jeffrey L. Schmehl entered an Order "upon consideration of William R.A. Rush, Esquire's Petition to withdraw as counsel for Defendants Alan Redmond, Seguro Medico, LLC and Bene Market, LLC." A true and correct copy is attached as Exhibit H.

6. Mr. Rush accordingly served as counsel to Defendant from October 29, 2024. An attorney-client relationship existed between Defendant and Mr. Rush, and communications between them made in confidence for the purpose of obtaining legal advice are privileged.

7. On April 19, 2025, Mr. Rush filed in this case a motion captioned "MOTION OF WILLIAM R.A. RUSH, ESQ., TO WITHDRWAW [sic] AS COUNSEL FOR SHANNON

KROEMMELBEIN (a/k/a MRS. SHANNON REDMOND), ARTHUR WALSH, JR., AND SEGURO MEDICO, LLC, THIRD PARTIES" (ECF No. 348). A true and correct copy is attached as Exhibit C.

8. The Certificate of Notice at ECF No. 534 identifies Mr. Rush as counsel of record for Shannon Kroemmelbein, Seguro Medico, LLC, Arthur W. Walsh, Jr., Stephanie Miller, C. Malcolm Smith, III, and C. Malcom Smith Co. P.C., and lists William R.A. Rush, Rush Law Group, LLC as a creditor in this case. Exhibit E.

**III. THIS COURT HAS ALREADY IDENTIFIED A CONFIDENTIALITY CONCERN AS TO MR. RUSH**

9. On October 22, 2025, this Court entered an Order to Show Cause Why Attorney William Rush Should Not Be Sanctioned And Or Disciplined (ECF No. 485). A true and correct copy is attached as Exhibit B.

10. That Order recites "the testimony at the October 21, 2025 hearing indicating that Mr. Rush either did not have authority to represent the Movants or that he failed competently to represent the interests of his clients."

11. That Order further recites that "it further appear[s] that Mr. Rush may have committed misconduct with regard to the representation of his clients or purported clients in violation of the Pennsylvania Rules of Professional Conduct," and cites Pa. R. Prof. Conduct Rules 1.6, 1.2, 1.7, 4.1, 4.2, and 8.4.

12. Rule 1.6 governs the confidentiality of information relating to the representation of a client.

**IV. THE MATERIALS AS TO WHICH PRIVILEGE IS ASSERTED**

13. The Motion states that Mr. Rush participated in a deposition on March 9 and 16, 2026, and that he "additionally produced 533 pages of documents in connection with a Rule 45 subpoena for documents for the deposition." The Motion attaches that testimony as Exhibit A and those documents as Exhibit C.

14. Defendant does not assert privilege over pre-existing business records, over facts, or over the underlying financial affairs of any entity. Privilege protects communications, not the facts communicated. See Upjohn Co. v. United States, 449 U.S. 383, 395-96 (1981).

15. Defendant asserts privilege and work product protection as to three categories: (i) communications between Defendant and Mr. Rush made in confidence for the purpose of obtaining or providing legal advice; (ii) Mr. Rush's advice, mental impressions, conclusions, opinions, and legal theories formed in the course of that representation; and (iii) communications between Mr. Rush and other counsel undertaken in the course of a joint representation or joint defense concerning the subject matter of that representation.

16. As to category (i), the Motion recites at pages 9 and 10 Mr. Rush's testimony that he "personally met with Kroemmelbein and Redmond at their home in 2025 and then and there reviewed income tax returns for Seguro Medico, LLC, that was in the house." Defendant was present at that meeting, which occurred at Defendant's residence. Defendant asserts privilege as to what was said between Defendant and Mr. Rush at that meeting. Defendant does not assert privilege as to the tax returns themselves.

17. As to category (ii), the Motion recites at page 8 Mr. Rush's deposition testimony describing his own intended strategy for the Rule 2004 examination, namely that the examinee would appear, answer biographical and identification questions, and that he would otherwise assert Fifth Amendment objections on a question-by-question basis. [Ex. A, Rush Dep. (vol. 2) 159:16-25 to 160:1-3]. That is an attorney's mental impression and legal theory.

18. As to category (iii), the Motion recites at pages 7 and 8 that on December 18, 2024 Mr. Rush conferred with Attorney David Heim regarding motions to quash the Rule 2004 discovery on behalf of other non-parties, and quotes Mr. Rush as having written, "I think a lot of 5th Amendment issues are here:" [Ex. C, at Bates No. 56]. Mr. Rush at that time represented Defendant in the parallel criminal proceeding and represented Seguro Medico, LLC, Bene Market, LLC, Shannon Kroemmelbein, and Arthur W. Walsh, Jr. The subject matter was the response to Rule 2004 discovery arising from Defendant's bankruptcy case.

19. Defendant has never waived the attorney-client privilege as to Mr. Rush, in writing, on the record, or otherwise. Defendant did not consent to any disclosure by Mr. Rush of communications between them, and does not consent now.

## V. DEFENDANT WAS NOT SERVED WITH THE MOTION OR ITS EXHIBITS

20. On May 6, 2026, Plaintiff filed a Certificate of Service as to the Motion (ECF No. 10). A true and correct copy is attached as Exhibit A.

21. That Certificate states that the Motion, the Exhibits, the Notice, and the two proposed Orders were served "on all parties registered with the Clerk to receive electronic notice via the CM/ECF system, as well as to the parties listed below via e-mail."

22. The parties listed are two: "Lynn E. Feldman, Trustee, trustee.feldman@rcn.com" and "Shannon Kroemmelbein c/o Walter Weir, Esquire, wweir@weirlawllp.com."

23. Defendant is not among them. Defendant is the named Defendant in this adversary proceeding. Fed. R. Bankr. P. 7005 makes Fed. R. Civ. P. 5 applicable in adversary proceedings; Rule 5(a)(1)(D) requires that a written motion be served on every party, and Rule 5(b)(2)(E) permits service by electronic means only where the person served consented in writing. Defendant is not a registered CM/ECF filer and does not receive electronic notice through that system. By Order dated March 10, 2026, this Court denied Defendant's Motion for Leave to

Register as a CM/ECF Filer (ECF No. 524), "the relief sought not being available to pro se debtors." That Order is included within Exhibit E and directs a copy to Defendant at 2005 Regency Drive, Wyomissing, PA 19610.

24. The docket reflects Defendant's address of record as 2005 Regency Drive, Wyomissing, Pennsylvania 19610-2712. See ECF No. 534 in Case No. 24-13093 (Certificate of Notice dated March 13, 2026), a true and correct copy of which is attached as Exhibit E. Plaintiff's counsel is listed on that same Certificate of Notice as a recipient.

25. In or about May 2026, Plaintiff's counsel dispatched two items of Certified Mail addressed to "Alan Christopher Redmond, 2 High Rd., Wyomissing, PA 19610" and "Alan Christopher Redmond, 2 High Road, Wyomissing, PA 19610," bearing Certified Mail Nos. 9589 0710 5270 2321 2499 36 and 9589 0710 5270 2321 2499 43. Both items were returned by the United States Postal Service bearing the notation "RETURN TO SENDER / NO SUCH NUMBER / UNABLE TO FORWARD." A true and correct copy of the returned items is attached as Exhibit F.

26. On June 1, 2026, Plaintiff's paralegal advised Defendant by electronic mail addressed to alanredmond23@gmail.com that Plaintiff had "attempted to serve you documents regarding a Request for Production of Documents using mail in May and it has been marked as Return to Sender and returned today," and inquired whether Defendant's address remained 2 High Road. Exhibit F.

27. Plaintiff has not thereafter served Exhibit A or Exhibit C to the Motion upon Defendant at any address, by mail or by electronic mail.

28. Defendant has therefore never been provided with Exhibit A or Exhibit C to the Motion and is unable to state the full extent of the privileged material those exhibits contain. Defendant's assertion of privilege is necessarily made on the basis of the portions Plaintiff has

quoted in the body of the Motion.

## VI. THE APPLICABLE STANDARDS

29. The attorney-client privilege protects confidential communications between a client and counsel made for the purpose of obtaining or providing legal advice. Upjohn Co. v. United States, 449 U.S. 383, 389 (1981). It protects the communication, not the underlying facts. Id. at 395-96.

30. The privilege belongs to the client. An attorney may not waive it on the client's behalf, and an unauthorized disclosure by counsel does not extinguish the client's privilege. See In re Teleglobe Commc'ns Corp., 493 F.3d 345, 361 (3d Cir. 2007).

31. Where an attorney jointly represents multiple clients on a matter of common interest, communications made in the course of that joint representation remain privileged as against third parties, and one co-client may not unilaterally waive the privilege as to communications belonging to another co-client. In re Teleglobe Commc'ns Corp., 493 F.3d 345, 362-63, 366 (3d Cir. 2007). Mr. Rush represented Defendant, Seguro Medico, LLC, Bene Market, LLC, Shannon Kroemmelbein, and Arthur W. Walsh, Jr., and the subject matter at issue is the response to Rule 2004 discovery arising from Defendant's bankruptcy case.

32. An attorney's mental impressions, conclusions, opinions, and legal theories are opinion work product, which Fed. R. Civ. P. 26(b)(3)(B), incorporated by Fed. R. Bankr. P. 7026, directs the court to protect against disclosure.

33. Fed. R. Evid. 502(d) authorizes this Court to order that a disclosure does not operate as a waiver in this or any other federal or state proceeding.

34. The evidentiary privilege asserted here is governed by federal privilege law. Pennsylvania Rules of Professional Conduct 1.6 and 1.9(c), the latter of which provides that a

lawyer shall not thereafter use or reveal information relating to a former client's representation to that client's disadvantage, is consistent with the relief requested. Defendant cites those Rules as reinforcement of the confidentiality interest and not as an independent source of evidentiary privilege.

## VII. RELIEF REQUESTED

WHEREFORE, Defendant respectfully requests that this Court: (a) recognize Defendant's assertion of the attorney-client privilege and work product protection as to communications between Defendant and William R.A. Rush, Esquire; (b) decline to consider, in connection with the Motion, those portions of Exhibits A and C that recount or rest upon such communications; (c) direct Plaintiff to serve Exhibits A and C upon Defendant so that Defendant may state his objections with particularity; (d) enter an order under Fed. R. Evid. 502(d) providing that the disclosure of such materials does not operate as a waiver of the privilege in this or any other federal or state proceeding, including United States v. Redmond, No. 5:24-cr-00376 (E.D. Pa.); and (e) grant such other relief as is just. Defendant reserves the right to seek the return or sequestration of privileged materials upon review.

Respectfully submitted,

/s/ Alan C. Redmond

---

Alan Christopher Redmond
Defendant, pro se
alanredmond23@gmail.com

Dated: August 25, 2026

---

1 Defendant is a defendant in a parallel federal criminal proceeding, United States v. Redmond, No. 5:24-cr-00376 (E.D. Pa.) (Schmehl, J.), presently scheduled for trial on January 11, 2027. Defendant expressly reserves all rights under the Fifth Amendment to the United States Constitution. Nothing in this filing is intended as, or shall be construed as, a waiver of that privilege in whole or in part.

# INDEX OF EXHIBITS

| Exhibit | Document | Docket | Filed |
|---|---|---|---|
| A | Certificate of Service as to Motion for Contempt | AP 25-00254, ECF No. 10 | May 6, 2026 |
| B | Order to Show Cause Why Attorney William Rush<br>Should Not Be Sanctioned And Or Disciplined | BK 24-13093, ECF No. 485 | Oct. 22, 2025 |
| C | Motion of William R.A. Rush, Esq., to Withdraw as<br>Counsel for Shannon Kroemmelbein, Arthur Walsh, Jr.,<br>and Seguro Medico, LLC | BK 24-13093, ECF No. 348 | Apr. 19, 2025 |
| D | Order Granting Motion to Vacate Sanction and<br>Discovery Orders | BK 24-13093, ECF No. 480 | Oct. 21, 2025 |
| E | Certificate of Notice reflecting Defendant's address<br>of record, and Order Denying Motion for Leave to<br>Register as a CM/ECF Filer | BK 24-13093, ECF No. 534 | Mar. 13, 2026 |
| F | Electronic mail of Brandon Creyer, Paralegal, Cornerstone Law Firm, LLC, with enclosure "20260601 - Mail Returned to Sender" | Cornerstone Law Firm | June 1, 2026 |
| G | Petition of William R.A. Rush, Esq. to Withdraw as<br>Counsel for Defendant, Alan Redmond | 5:24-cr-00376, ECF No. 108 | Mar. 23, 2026 |
| H | Order on Petition of William R.A. Rush, Esquire to<br>Withdraw | 5:24-cr-00376, ECF No. 118 | Apr. 16, 2026 |