FILED
2026 AUG 25 AM 10: 55
U.S. BANKRUPTCY COURT

**UNITED STATES BANKRUPTCY COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: | Chapter 7 |
| ALAN CHRISTOPHER REDMOND, | Bky. No. 24-13093-PMM |
| Debtor.. | |
| JASON SCOTT JORDAN, | Adv. Proc. No. 25-00254-PMM |
| Plaintiff, | |
| v. | Hearing: August 25, 2026, 11:00 a.m. |
| ALAN CHRISTOPHER REDMOND, | Courtroom: PENN4, Reading |
| Defendant. | |

**OPPOSITION OF DEFENDANT TO PARAGRAPH (F) OF PLAINTIFF'S MOTION FOR CONTEMPT AND FOR OTHER RELIEF (ECF NO. 8), AND REQUEST FOR PROTECTIVE ORDER UNDER FED. R. BANKR. P. 9037**

Alan Christopher Redmond, Defendant, appearing pro se, opposes Paragraph (F) of the prayer for relief in Plaintiff's Motion for Contempt and for Other Relief (ECF No. 8) (the "Motion"), and respectfully requests entry of a protective order under Fed. R. Bankr. P. 9037.[1] In support, Defendant states as follows.

## I. SCOPE OF THIS OPPOSITION

1. This opposition is limited in scope. Defendant takes no position on, and does not address, the contempt relief sought against Shannon Kroemmelbein, who is not a party to this adversary proceeding and who is separately represented by counsel of record. Defendant does not purport to speak for Ms. Kroemmelbein or for her counsel, and nothing in this filing should be

construed as doing so.

2. Defendant addresses Paragraph (F) alone, because Paragraph (F) is directed not at Ms. Kroemmelbein but at this Court's Pretrial Order and at the fact discovery deadline in this adversary proceeding. Paragraph (F) therefore affects Defendant directly and no other person is positioned to be heard on it.

## II. THE PROCEDURAL RECORD

3. By Pretrial Order entered March 17, 2026 (ECF No. 5), this Court ordered at Paragraph 6(a) that "[a]ll discovery shall be completed on or before May 5, 2026."

4. Fact discovery accordingly closed on May 5, 2026. No order of this Court has since reopened, extended, or otherwise modified that deadline. No motion to reopen discovery was filed before the deadline passed.

5. By Order entered July 1, 2026 (ECF No. 27), this Court set trial for Wednesday, September 16, 2026 at 9:30 a.m., directed that witness lists and pre-marked exhibits be filed and served on or before September 2, 2026, and required that exhibits be delivered to the Courtroom Deputy.

6. At the Mandatory Pretrial Status Hearing held August 6, 2026 (ECF No. 34), this Court confirmed that trial would proceed on September 16, 2026.

7. Paragraph 9 of the Pretrial Order provides that "[t]he trial may be continued only in exceptional circumstances on Motion and leave of Court."

8. On August 20, 2026, Plaintiff's counsel issued and served by United States Postal Service Certified Mail twenty-two subpoenas under Fed. R. Civ. P. 45, made applicable by Fed. R. Bankr. P. 9016, directed to twenty-two financial institutions. Each commands production at the offices of Cornerstone Law Firm, LLC on September 21, 2026 at 12:00 p.m.

9. The subpoenas issued one hundred seven days after the close of fact discovery. The return date on all twenty-two subpoenas falls five days after the trial date set by this Court.

## III. PARAGRAPH (F) SEEKS RETROACTIVE AUTHORIZATION FOR DISCOVERY ALREADY TAKEN

10. Paragraph (F) requests that this Court stay the deadlines in the Pretrial Order "inclusive of the deadline for fact discovery, which discovery continues." The premise of that request, that discovery "continues," is not supported by any order of this Court. Discovery closed on May 5, 2026 by operation of ECF No. 5, Paragraph 6(a).

11. The sequence is material. Plaintiff issued and served twenty-two subpoenas on August 20, 2026 while the relief that would permit post-deadline discovery remained pending and undecided before this Court. Granting Paragraph (F) would supply retroactive authorization for discovery already undertaken.

12. A party seeking to conduct discovery after a court-ordered deadline must ordinarily demonstrate good cause under Fed. R. Civ. P. 16(b)(4), made applicable by Fed. R. Bankr. P. 7016. Good cause turns principally on the diligence of the party seeking the modification. See Race Tires Am., Inc. v. Hoosier Racing Tire Corp., 614 F.3d 57, 84 (3d Cir. 2010). The Motion does not address diligence, does not identify what was sought during the discovery period, and does not explain why the twenty-two subpoenas could not have issued before May 5, 2026.

13. The return date compounds the difficulty. Material returnable September 21, 2026 cannot be received, reviewed, exchanged as a pre-marked exhibit by the September 2, 2026 deadline, or offered at a trial held September 16, 2026. The relief sought in Paragraph (F) is therefore of use only if the trial date is moved, and Paragraph 9 of the Pretrial Order permits continuance "only in exceptional circumstances on Motion and leave of Court." No such motion is before the Court.

## IV. THE SUBPOENAS REACH SUBSTANTIALLY BEYOND THE COMPLAINT

14. Schedule A to each of the twenty-two subpoenas seeks records concerning forty-one separately named entities, lettered (a) through (oo).

15. The Complaint in this adversary proceeding (ECF No. 1) names the following entities: Seguro Medico, LLC; Benefits Now, LLC; Benefitz Plus, LLC; The Turning House of Reading 1, LLC; ABN Network, LLC; Red Horizon, LLC; Frontera LLC; Triquetra United, LP; Phase 1 Technology, LLC; Friends of Hurst, LLC; Digital Principles Corporation; Digital Bridge Network Corporation; ARC Realty, LLC; and ARC 1 Realty, LLC. The balance of the entities listed in Schedule A are not named in the Complaint.

16. Request No. 2 of Schedule A seeks all account records of Shannon Kroemmelbein, who is not a party to this adversary proceeding. Defendant asserts no position on her behalf and raises the point solely as it bears on the scope of the relief sought in Paragraph (F).

17. Request No. 3 of Schedule A seeks from each institution all records that institution produced by subpoena in United States v. Alan Redmond et al., No. 5:24-CR-00376 (E.D. Pa.), a criminal proceeding pending before the United States District Court for the Eastern District of Pennsylvania and set for trial on January 11, 2027. Defendant expressly reserves all rights and objections as to that request, including under the Fifth Amendment.

18. Request No. 4 of Schedule A seeks a list of accounts registered to four addresses, including addresses that are not scheduled as property of Defendant.

## V. DEFENDANT WAS NOT SERVED WITH THE MOTION

19. On May 6, 2026, Plaintiff filed a Certificate of Service as to the Motion (ECF No. 10). It certifies service on parties receiving CM/ECF notice and, by electronic mail, on two persons: Lynn E. Feldman, Trustee, and Shannon Kroemmelbein c/o Walter Weir, Esquire. Defendant is

not among them.

20. Defendant is not a registered CM/ECF filer. By Order dated March 10, 2026, this Court denied Defendant's Motion for Leave to Register as a CM/ECF Filer, "the relief sought not being available to pro se debtors" (ECF No. 524; Order at ECF No. 534). The docket reflects Defendant's address of record as 2005 Regency Drive, Wyomissing, Pennsylvania 19610-2712.

21. Fed. R. Bankr. P. 7005 makes Fed. R. Civ. P. 5 applicable in adversary proceedings. Rule 5(a)(1)(D) requires that a written motion be served on every party. Rule 5(b)(2)(E) permits service by electronic means only where the person served consented in writing.

22. Paragraph (F) seeks modification of the Pretrial Order governing Defendant's discovery and trial rights in this adversary proceeding. Defendant respectfully submits that relief of that character should not be granted on a motion that was not served upon him.

## VI. THE SUBPOENAS ARE POST-DEADLINE DISCOVERY DIRECTED TO NON-PARTIES

23. Each subpoena commands production at the offices of Plaintiff's counsel on September 21, 2026, and not attendance at trial. Production returnable after the September 16, 2026 trial, at counsel's office, is discovery. A subpoena duces tecum may issue after the close of discovery only for the limited purposes of memory refreshment, trial preparation, or to secure at trial original records previously disclosed in discovery; "[a] trial subpoena is not an appropriate means of ascertaining facts or uncovering evidence." Puritan Inv. Corp. v. ASLL Corp., No. 97-cv-1580, 1997 WL 793569, at *1-*2 (E.D. Pa. Dec. 9, 1997); see Hatcher v. Precoat Metals, 271 F.R.D. 674, 675-76 (N.D. Ala. 2010) (quashing a Rule 45 subpoena served after the discovery deadline seeking materials obtainable under Rule 34). None of the twenty-two subpoenas seeks original records previously disclosed in discovery.

24. In Mid-Atlantic Constructors, Inc. v. Stone & Webster Construction, Inc., 231 F.R.D. 465 (E.D. Pa. 2005) (Robreno, J.), a party served a subpoena on a non-party after the discovery deadline and without prior notice to opposing counsel. The court held that those "actions violated Rules 45(a), 45(b) and 16," id. at 468, observing that "Rule 45(b) governs service of subpoenas and clearly requires prior notice to opposing counsel" and that "Rule 16 requires compliance with scheduling orders," id. at 467-68. Sanctions were granted under the court's inherent authority and Fed. R. Civ. P. 16(f). Id. at 468. See also Coleman-Hill v. Governor Mifflin Sch. Dist., 271 F.R.D. 549 (E.D. Pa. 2010) (applying the same framework to a subpoena served without notice).

25. Fed. R. Civ. P. 45(a)(4), made applicable by Fed. R. Bankr. P. 9016, provides that where a subpoena commands production of documents before trial, "then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." That text appears on the face of each of the twenty-two subpoenas.

26. Defendant received a copy of the twenty-two subpoenas by electronic mail transmitted at 4:26 p.m. Eastern time on August 20, 2026. The transmittal enclosed a single document titled "20260820 - Subpoenas Mailed on 8.20.2026 via USPS Certified Mail." Defendant received no notice or copy of any of the subpoenas before that transmittal. Defendant does not presently possess proof of service establishing the hour at which each subpoena was delivered to its recipient, and states these facts without characterizing them.

27. Discovery through a subpoena is subject to the scope limits of Fed. R. Civ. P. 26(b)(1), which permits discovery of nonprivileged matter relevant to a claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 45(d)(1) further imposes on the issuing party a duty to take reasonable steps to avoid imposing undue burden or expense. Considered together, the twenty-two subpoenas seek, from twenty-two institutions, the records of forty-one named entities, the personal account records of a non-party, material produced in a separate federal criminal prosecution, and account searches keyed to four addresses, after fact discovery closed.

28. To the extent the May 5, 2026 deadline is treated as one fixed by order of this Court, Fed. R. Bankr. P. 9006(b)(1) permits enlargement after the period has expired only on motion and where the failure to act was the result of excusable neglect. See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993). The Motion does not address that standard.

**VII. REQUEST FOR PROTECTIVE ORDER**

29. Schedule A to each of the twenty-two subpoenas sets forth in full, and without redaction, the complete Social Security number of Defendant and the complete Social Security number of Shannon Kroemmelbein.

30. Twenty-two separate third-party financial institutions have therefore received, by United States mail, documents containing the unredacted Social Security numbers of two individuals, one of whom is not a party to this proceeding.

31. Fed. R. Bankr. P. 9037(a) provides that a filing containing an individual's Social Security number may include only the last four digits. Defendant recognizes that Rule 9037(a) addresses filings, and that the subpoenas were served rather than filed. Fed. R. Bankr. P. 9037(d) authorizes the Court, for cause, to order protective measures with respect to such information. Independently, Fed. R. Civ. P. 26(c), made applicable by Fed. R. Bankr. P. 7026, authorizes the Court on motion by a party to issue an order protecting a person from annoyance, embarrassment, oppression, or undue burden, including by specifying terms for discovery, and Fed. R. Civ. P. 45(d)(3)(A)(iv) and 45(d)(1) address undue burden arising from a subpoena.

32. Defendant respectfully requests that the Court enter an order directing that any further subpoena, discovery request, exhibit, or filing in this adversary proceeding redact all Social Security numbers to the last four digits, and directing Plaintiff to serve corrected Schedule A pages on each of the twenty-two recipients.

## VIII. SEVERABILITY AND RESERVATION OF RIGHTS

33. The relief sought in Paragraph (F) is severable from the contempt relief sought in the balance of the Motion. This Court may deny Paragraph (F) irrespective of its disposition of the remainder of the Motion.

34. Defendant does not appear at the hearing scheduled for August 25, 2026 and submits this opposition in writing. Defendant is not the respondent to the contempt relief sought in the Motion, and no order of this Court requires Defendant's appearance at that hearing. Defendant will appear at the trial set for September 16, 2026 and at such other proceedings as this Court may direct.

35. Defendant reserves all rights, defenses, and objections, including without limitation all objections available under Fed. R. Civ. P. 45(d)(2)(B) and Fed. R. Civ. P. 45(d)(3), and all rights under the Fifth Amendment. No such right or objection is waived by this filing.

## IX. RELIEF REQUESTED

WHEREFORE, Defendant respectfully requests that this Court: (a) deny Paragraph (F) of the prayer for relief in ECF No. 8; (b) confirm that fact discovery in this adversary proceeding closed on May 5, 2026 pursuant to ECF No. 5, Paragraph 6(a), and that no discovery may be conducted thereafter absent further order; (c) confirm that the trial date of September 16, 2026 remains as set by ECF No. 27; (d) enter a protective order directing that Social Security numbers be redacted to the last four digits in any further subpoena, discovery request, exhibit, or filing in this adversary proceeding, and directing Plaintiff to serve corrected Schedule A pages upon each of the twenty-two recipients; (e) direct that Plaintiff neither accept nor make use of material produced in response to the twenty-two subpoenas absent further order of this Court, and that any material already received be sequestered pending further order; (f) grant Defendant leave to file a motion under Fed. R. Civ. P. 45(d)(3) and Fed. R. Civ. P. 26(c) directed to the twenty-two

subpoenas, without prejudice to any objection; and (g) grant such other relief as is just.

Respectfully submitted,

/s/ Alan C. Redmond

Alan Christopher Redmond
Defendant, pro se
alanredmond23@gmail.com

Dated: August 25, 2026

---

1 Defendant is a defendant in a parallel federal criminal proceeding, United States v. Redmond, No. 5:24-cr-00376 (E.D. Pa.) (Schmehl, J.), presently scheduled for trial on January 11, 2027. Defendant expressly reserves all rights under the Fifth Amendment to the United States Constitution. Nothing in this filing is intended as, or shall be construed as, a waiver of that privilege in whole or in part, and nothing herein addresses the merits of any factual allegation in the Complaint or in the Motion.