**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE:** | | |
| **Alan Christopher Redmond,** | | **Chapter 7** |
| | : | |
| **Debtor.** | | **Bky. No. 24-13093 (PMM)** |
| | : | |
| **Jason Scott Jordan,** | : | |
| | : | |
| **Plaintiff.** | | **Adv. No. 25-0254 (PMM)** |
| | : | |
| **v.** | | |
| **Alan Christopher Redmond,** | | |
| | : | |
| | : | |
| **Defendant.** | | |
| | : | |

-------------------

**ORDER**

**AND NOW**, a hearing with regard to the Plaintiff's Motion for Contempt against Shannon Kroemmelbein (doc. #8, the "Motion") having been held on August 25, 2026;

AND upon consideration of the Plaintiff's Application for Award of Attorneys' Fees and Costs (doc. #38, the "Application") in connection with the Motion;

AND for the reasons stated at the hearing;

AND upon the Court's review of the time sheets and expenses stated in the Application;

AND the Court having determined that most of the time entries and expenses detailed in the Application do not directly are not directly related to the limited work performed with regard to the Motion;

AND upon further consideration of the fact that Bankruptcy Courts need not make detailed, line-by-line rulings with regard to fee applications. See In re Busy Beaver Bldg. Centers, Inc., 19 F.3d 833, 845 (3d Cir. 1994) ("Because its time is precious, the reviewing court need only correct reasonably discernible abuses, not pin down to the nearest dollar the precise fee to which the professional is ideally entitled");

It is hereby **ordered** that:

1) The request made in the Application is **granted in part and denied in part**;

2) Fees in the amount of $9,800.00 are awarded to the Plaintiff;

3) Expenses are not awarded;

4) Shannon Kroemmelbein shall pay the Plaintiff the full amount awarded on or before **October 16, 2026**; and

5) On or before October 23, 2026, Shannon Kroemmelbein shall certify the above payment on the docket.

**Date: 9/21/26**

**PATRICIA M. MAYER**
**U.S. BANKRUPTCY JUDGE**